

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# USA v. Jaszczult

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jaszczult" (2009). *2009 Decisions.* Paper 1297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1805

———————

UNITED STATES OF AMERICA

v.

JOAN E. JASZCZULT,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-07-cr-00067-001)
District Judge:  Hon. Stanley R. Chesler

———————

Submitted under Third Circuit LAR 34.1(a)
on February 5, 2009

Before:  RENDELL and ROTH, <u>Circuit Judges</u>
and PADOVA*, <u>Senior District Judge</u>

(Opinion filed: May 28, 2009)

———————

O P I N I O N

———————

———————

    *Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Joan Jaszczult appeals from a judgment of conviction of the United States District Court for the District of New Jersey after a jury found her guilty of two narcotics-related counts: (1) distributing and possessing with intent to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and (2) conspiracy to do the same, in violation of 21 U.S.C. § 846. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Jaszczult attacks her conviction on six grounds. For the reasons discussed below, we will affirm.

Because the facts are well known to the parties, we will discuss them only briefly here. Jaszczult, a medical doctor, was found guilty of prescribing copious quantities of pills containing oxycodone (typically OxyContin) to patients and nonpatients in exchange for cash and services.

First, Jaszczult argues that the District Court erred in failing to find that the government improperly used a grand-jury subpoena for the dominant purpose of obtaining trial evidence after the indictment had been returned. We will review the District Court's finding for clear error. *United States v. Moss*, 756 F.2d 329, 332 (4th Cir. 1985). Jaszczult bears the burden to demonstrate that the "sole or dominant purpose" of seeking the evidence post-indictment was to prepare for trial. *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980). The District Court did not clearly err because the subpoena was issued to investigate further charges against Jaszczult. *See United States v. Dise*, 763 F.2d 586, 593 (3d Cir. 1985) (stating that "[t]he grand jury was free to inquire into other charges" against

2

the defendant after the initial indictment issued).

Second, Jaszczult argues that the District Court improperly limited her ability to cross-examine a government witness. We review the District Court's decision to limit cross-examination for abuse discretion. *United States v. Ellis*, 156 F.3d 493, 498 (3d Cir. 1998). District Courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Jaszczult sought to cross-examine FBI agent Thomas Hauck about the fact that he and his wife were Jaszczult's former patients and that Hauck's wife had a disagreement with Jaszczult, over a year before the investigation began, about whether a woman should take a man's last name after marriage. The District Court did not abuse its discretion because the proposed line of questioning was irrelevant and not of the nature that the jury "might reasonably have found furnished the witness a motive for favoring the prosecution." *Id.*

Jaszczult's third argument is that the District Court erred in allowing Hauck to testify that the New Jersey Board of Medical Examiners was "coming down on" her based on a complaint that was filed against her for overprescribing medication. This testimony, according to Jaszczult, was improper evidence under Federal Rule of Evidence 404(b). We review the District Court's decision to admit evidence for abuse of discretion. *United States v. Hoffecker*, 530 F.3d 137, 189 (3d Cir. 2008). Rule 404(b) states that "[e]vidence of other crimes, wrongs, and acts is not admissible to prove the character of a person to show action

in conformity therewith." Fed. R. Evid. 404(b). But that evidence is "admissible for other purposes, such as proof of motive, opportunity, [and] intent." *Id.*; *see Hoffecker*, 530 F.3d at 189. The District Court did not abuse its discretion because the evidence was relevant to demonstrate Jaszczult's intent; the evidence that she decreased her rate of OxyContin prescription-writing after the complaint to the medical board showed that she knew her actions were wrong.

Fourth, Jaszczult argues that the District Court erred in instructing the jury that it could consider two co-conspirators' guilty pleas in assessing her guilt. Jaszczult, however, requested the very instruction that she now challenges. Under our invited-error doctrine, we will not review challenges to jury instructions that were, in fact, requested by the defendant. *Unites States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008).[1]

Fifth, Jaszczult argues that she was denied a fair trial because the government's summation misstated the evidence, disparaged her counsel, and vouched for its case. Because Jaszczult did not object to the summation, we will review for plain error. *See United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006). She can satisfy that standard only by showing "'egregious error or a manifest miscarriage of justice.'" *E.g.*, *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003) (quoting *United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001)). Jaszczult does not reach this standard for any of her three improper-

---

[1] We add that Jaszczult's requested instruction was a near-verbatim version of this Court's Model Criminal Jury Instruction 4.19, which does not instruct a jury to consider the guilty pleas of co-conspirators as substantive evidence of the defendant's guilt.

4

summation arguments. First, her claim that the government misstated the testimony of its expert, Dr. Kaufman, fails because even if government misstated that testimony, the District Court's instruction to the jury, that their recollection controlled, cured any possible prejudice. *See United States v. Reilly*, 33 F.3d 1396, 1421 (3d Cir. 1994) (stating that even if a prosecutor misstated evidence, no plain error existed because the District Court's instruction to the jury that its recollection controls "cured any possible prejudice from the comment").

Second, disparagement claims require a suggestion that opposing counsel is making arguments "unsupported by the record evidence." *See United States v. Rivas*, 493 F.3d 131, 139–40 (3d Cir. 2007). "[A]ttacks on the opposing advocate's arguments and tactics are acceptable . . .." *Id.* at 139. Jaszczult's second claim, that the government disparaged her counsel, fails because the government did not violate that standard when it commented on the tactics of defense counsel to wait until summation to raise an issue that could have been more fully addressed, according to the government, by witnesses.

Jaszczult's third claim fails, too. Vouching occurs when two criteria are met: "(1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance [must be] based on either the prosecutor's personal knowledge, or other information not contained in the record." *Harris,* 471 F.3d at 512 (quoting *United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998)). Jaszczult's theory of the case was that the government engaged in a concerted plan of misconduct to prosecute her. The government's comment—that Jaszczult's theory of the case meant that DEA agents, FBI agents, and United States Attorneys all engaged in a complicated conspiracy with cooperating witnesses—did

5

not assure the jury about the credibility of any government witness.

Finally, Jaszczult argues that several of these alleged errors combined to deprive her of a fair trial. We reject her argument because we have not found any errors and, to the extent any of the incidents constituted error, they did not "'so infect[] the jury's deliberations that they had a substantial influence on the outcome of the trial.'" *United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994) (quoting *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993)).

Accordingly, we will affirm the District Court's judgment of conviction.